FILED

APR 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHISHA SINGH-BALWINDER KOUR, AKA Sheesa Singh, AKA Sheesha Singh, AKA Shisha Singh, AKA Shisha Singh-Balwinder Kaur, | No. 08-73479 |
| Petitioner, | BIA No. A200-064-866 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2013
San Francisco, California

Before: WALLACE and IKUTA, Circuit Judges, and GARBIS, Senior District Judge.[**]

Shisha Singh-Balwinder Kour (Kour), a citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's determination that Kour failed to meet his burden of proving past persecution or a likelihood of future persecution because, among other things, he failed to provide sufficient evidence corroborating his testimony as to his identity. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1158(d)(5)(A)(i). The IJ appropriately found that given the significant problems with the driver's license and photocopied passport pages that Kour presented, Kour failed to establish his identity adequately. While Kour offers on appeal a number of plausible arguments as to the inadequacies of his license, Kour asserted before the IJ only that his license was obtained by his uncle via a private agency. Kour likewise provided no explanation for his failure to produce more than photocopied pages of his passport other than his assertion that he had no interest in securing a new, original passport because he had no desire to return to India. Because of the objective deficiencies in Kour's offered corroborating identity documentation and Kour's failure to explain the inadequacies in this evidence, we are not compelled to overturn the agency's finding that Kour did not establish his identity and, therefore, failed to establish eligibility for asylum. *See*

2

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (identifying an applicant's identity as an element of an asylum claim).

Kour also asserts that he lacked the opportunity to explain or cure the deficiencies in his corroborating identifying documentation. But Kour points to no instance in which the IJ denied an opportunity to explain the deficiencies in his identifying documentation. Further, Kour was asked expressly to explain the deficiencies as to his passport. Moreover, Kour, who was represented by counsel before the IJ, failed to request a continuance to obtain additional documentation and also did not attach additional identifying documentation to his motion to reopen.

Even construing the record liberally, there is no indication that Kour exhausted his claims that he lacked notice of the need for corroborating evidence before the agency and was not given an opportunity to explain. Because exhaustion is jurisdictional, Kour may not raise a notice claim on appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Finally, because Kour did not establish eligibility for asylum, Kour cannot meet his burden for withholding of removal. *See Farah*, 348 F.3d at 1156. Because the IJ found that Kour could relocate to another area in India—a finding that Kour does not challenge in his petition—Kour's claim for CAT protection also fails. *See* 8 C.F.R. § 1208.16(c)(3)(ii).

**PETITION DENIED IN PART AND DISMISSED IN PART.**