NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHISHA SINGH-BALWINDER KOUR,
AKA Shisha Singh-Balwinder Kaur, AKA
Sheesa Singh, AKA Sheesha Singh, AKA
Shisha Singh

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    15-70625

Agency No. A200-064-866

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2018**
San Francisco, California

Before:  SILER***, PAEZ, and IKUTA, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Shisha Singh-Balwinder Kour appeals the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. For the following reasons, we deny the petition.

As previously determined by this court, Kour "failed to provide sufficient evidence corroborating his testimony as to his identity" during his removal proceedings. *Kour v. Holder*, 514 F. App'x 690, 690 (9th Cir. 2013). The BIA denied Kour's subsequent motion to reopen based, in part, on his failure to demonstrate that his submitted passport could not have been obtained and produced during his prior hearing. The BIA grants motions to reopen only if "evidence sought to be offered . . . was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Because the BIA has significant discretion in determining whether to reopen a matter, we employ the deferential abuse-of-discretion standard of review on appeal, *INS v. Doherty*, 502 U.S. 314, 323 (1992), affirming the BIA's decision unless it is "arbitrary, irrational, or contrary to law," *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002). Kour did not explain to the BIA why he could not have presented his old passport during the previous proceedings, given that Kour's new passport indicated that his prior passport had been returned and cancelled. Furthermore, Kour's statements during his earlier removal hearing made clear that he had not attempted to obtain a new passport. Consequently, the BIA's

2

determination that Kour failed to meet the requirements of a motion to reopen was not arbitrary, irrational, or contrary to law. Additional evidence of Kour's identity was previously available, and he did not provide the BIA with a reasonable explanation as to why this evidence was not provided as part of his original removal proceedings. *See* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**